UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESTLEY JOHNSON #77878,

        Plaintiff,                      Civil Action No. 13 – 11437

    v.                                District Judge Bernard A. Friedman
                                       Magistrate Judge Laurie J. Michelson

DAVID PAYTON et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER [4]

Plaintiff Westley Johnson is a 19-year-old inmate at the Macomb Correctional Facility ("MRF") in New Haven, Michigan. Plaintiff alleges he was raped by his GED instructor, Defendant David Payton, and that numerous other prison officials and correction officers have subjected him to sexual harassment and discrimination because of his sexual orientation. (Dkt. 1, Compl.) Plaintiff brought this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 against numerous MDOC and MRF officials and personnel, alleging violations of his Eighth and Fourteenth Amendment rights. (*Id.*) All pretrial proceedings have been referred to this Court. (Dkt. 7.) Presently before the Court is Plaintiff's Motion for Temporary Restraining Order which, in essence, seeks to preliminarily enjoin MDOC from placing Plaintiff in a general-population prison. (Dkt. 4, Mot. TRO.) None of the Defendants have been served and thus, no responses have been filed. Because the present record does not warrant the extraordinary relief being sought, this Court RECOMMENDS that the motion be DENIED.

**I.     BACKGROUND**

Plaintiff alleges that on February 20, 2013, his prison GED instructor, Defendant David Payton ("Payton"), ordered him to remain after class was dismissed. (Compl., Pg ID 16.) Plaintiff further alleges that Payton then ordered him into the mop closet where he forced Plaintiff to perform oral sex on him. (*Id*.) According to Plaintiff, Payton physically controlled him by holding his head and mentally controlled him by threatening to harm him and to write misconduct tickets against him if he did not do what he was told. (*Id*. at Pg ID 16-18.)  After leaving the classroom, Plaintiff spit some saliva into a tissue for possible future DNA testing. (*Id*. at Pg ID 16.)  Plaintiff alleges that he reported the incident on February 26, 2013 and that the Michigan State Police are conducting an investigation. (Mot. TRO at Pg ID 54.)  Indeed, Plaintiff was interviewed by the State Police on March 12, 2013.  (*Id*.)

On March 29, 2013, Plaintiff brought this lawsuit alleging that Payton's sexual assault violated his Eighth Amendment right to be free from cruel and unusual punishment. (Dkt. 1.) Plaintiff also named numerous prison officials and officers as Defendants. (*Id*.) Plaintiff alleges that because he is gay, he is constantly subjected to sexual harassment and discrimination by prison officials. (*Id*.)  He claims he has written numerous grievances and letters, and has been interviewed many times, but that the Defendants simply ignore his cries for help and allow the conduct to continue. (*Id*.)  Their failures to act, say Plaintiff, constitute deliberate indifference and ultimately resulted in the assault by Defendant Payton. (*Id*.)

Plaintiff is currently in segregation pending the investigation by the State Police. (Mot. TRO at Pg ID 54.)  He believes, however, that "prison officials are going to transfer [him] to another prison and put [him] in general population." (*Id.*)  He also believes that he "needs to be classified

to protective custody to prevent further sexual assaults and harassment and inhumane treatment from prison employees . . . ." (*Id.*) Thus, Plaintiff seeks a preliminary injunction precluding Defendants and other prison officials from placing him in a general-population setting, from sexually assaulting him, and from retaliating or discriminating against him. (*Id.* at Pg ID 59-60.)

## II.     ANALYSIS

### A.     Preliminary Injunction/TRO Standard

In determining whether to grant a TRO or preliminary injunction, a court considers the following four factors: (1) whether the plaintiff is likely to succeed on the merits, (2) whether the plaintiff is likely to suffer irreparable injury absent an injunction, (3) whether the balance of equities tips in the plaintiff's favor, and (4) whether the public interest would be served by granting the injunction. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The four preliminary injunction factors are "'factors to be balanced, not prerequisites that must be met.'" *Michael v. Futhey*, No. 08-3932, 2009 WL 4981688, at *17 (6th Cir. Dec. 22, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Notwithstanding this balancing approach, the likelihood of success and irreparable harm factors predominate the preliminary injunction inquiry. *See Rhinehart v. Scutt*, No. 10-100006, 2010 WL 3701788, at *3 (E.D. Mich. Aug. 16, 2010) *report adopted by* 2010 WL 3701787 (E.D. Mich. Sep 15, 2010). Thus, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *see also NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989) (explaining that under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action).

Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Layette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th. Cir. 2002); *Winter*, 555 U.S. at 24. Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Learly v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland,* 740 F.2d 432, 438, n.3 (6th Cir. 1984).[1]

### B. Eighth Amendment Standards

To prevail on an Eighth Amendment claim, a prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, (1994)). "Courts have recognized that sexual assaults on prisoners by prison officials may violate the Eighth Amendment's prohibition on cruel and unusual punishment." *McGuffey v. Eesley*, No. 11-767, 2011 U.S. Dist. LEXIS 93967, at *11 (W.D.

---

[1] A preliminary injunction is also designed to preserve the relative positions of the parties *until* further proceedings on the merits can be conducted. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see also University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981) (explaining that the purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held"). Where, as here, Plaintiff seeks affirmative relief and not merely to preserve the status quo, Plaintiff's burden is even more stringent. *Rhinehart*, 2010 WL 3701788 at *4.

Mich. Aug. 23, 2011); *see also Tittiger v. McKee*, No. 11-687, 2011 U.S. Dist. LEXIS 103275, at *10 (W.D. Mich. Sept. 13, 2011) ("Plaintiff alleges that Defendants . . . sexually assaulted him. The Court concludes that these allegations suffice to state an Eighth Amendment claim."); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) ("[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment."); *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (noting a prisoner's "constitutional right to be free from deliberate indifference to assault and sexual abuse").

Additionally, under the Eighth Amendment, prison officials have a duty to protect inmates from harm and to take reasonable measures to protect their safety. *Farmer,* 511 U.S. at 832-33. "The Eighth Amendment standard enunciated in *Farmer* applies to a prisoner's claim that prison officials failed to protect him from harm, including sexual assault, inflicted by another officer." *Wetzel v. La. Dep't of Corr.*, No. 12-1550, 2012 U.S. Dist. LEXIS 181516, at *37 (E.D. La. Oct. 25, 2012). To establish liability for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that a failure to act would cause him serious harm. *Farmer*, 511 U.S. at 834; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards

of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 833-34.

### C. Plaintiff Is Not Entitled To Preliminary Injunctive Relief

#### *1. Irreparable harm*

The hallmark of injunctive relief is a likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."). Plaintiff seeks an injunction preventing his transfer and placement in a general population setting. (Mot. TRO, Pg ID 58-60.) Plaintiff is concerned that "[i]f [he] was raped once by a prison employee, it may occur again. Or [he] may be raped by a prisoner." (*Id.* at Pg ID 54.) The Court understands why Plaintiff would fear irreparable harm, but believes that the possibility, on this record, is too remote. The present danger Plaintiff complains about is created by the MRF Defendants. Plaintiff is currently in protective custody. And if he is transferred to another correctional facility, away from Payton and the other Defendants, he will be removed from the present danger. On the current record, the Court has no basis to believe that Plaintiff will be subjected to a sexual assault at another facility or that the new facility will fail to keep him safe in the general prison population. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction"); 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure: Civil 2d § 2948 at 153-56 (West 1995) ("Speculative injury is not sufficient," and "a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be

6

shown."). Thus, the absence of immediate irreparable harm weighs against the issuance of preliminary injunctive relief.

### 2. *Likelihood of success on the merits*

While Plaintiff's allegations are extremely serious and present definite cause for concern, it cannot be concluded, at this time, that Plaintiff's complaint presents "a substantial likelihood of success on the merits."

First, the Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust "available" prison grievance procedures before filing a § 1983 claim. 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory . . . and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). To satisfy this exhaustion requirement, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Failure to exhaust administrative remedies, however, is an affirmative defense that must be established by the Defendants. *Napier*, 636 F.3d at 225. As Defendants have not yet been served, their position is presently unknown. But the allegations in Plaintiff's Complaint suggest that exhaustion might be raised as a defense. Plaintiff seems to acknowledge that he did not exhaust his administrative remedies, but suggests that he did not do so because prison officials ignored his Step I and Step II grievances. (Compl., Pg ID 28.) It is true that when a prisoner makes affirmative efforts to comply with the administrative grievance process but does not succeed, the Sixth Circuit analyzes "whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 224 (6th Cir. 2011)). And the Sixth Circuit has further held that "administrative remedies are exhausted

when prison officials fail to timely respond to a properly filed grievance." *Risher*, 639 F.3d at 240. But here, additional information is needed to determine whether Plaintiff adequately exhausted his administrative remedies. The allegations in Plaintiff's Complaint do not permit this Court to determine if and how prison officials prevented exhaustion. Moreover, Plaintiff's attempt at proper exhaustion is questionable given the close proximity between when he allegedly began the exhaustion process (February 26, 2013) and when he filed the complaint (March 29, 2013). In short, Plaintiff does not have a strong likelihood of success on the merits because the Complaint suggests that he did not properly exhaust his administrative remedies prior to filing suit.

Regarding the substantive claims, if Payton denies the rape allegations, then Plaintiff's claims will depend to a large degree upon a fact-finder's credibility assessment. In addition, Plaintiff faces significant burdens of proof as to all of his Section 1983 claims, including the necessity of proving that the other Defendants' failure to protect him from harm was done with deliberate indifference, which is "more blameworthy than negligence." *Farmer*, 511 U.S. at 834. Plaintiff's allegations against Defendants other than Payton are very general and lack any specific detail about their knowledge that Payton was a threat to Plaintiff.

At this time, the Court is not aware of the results of the State Police investigation, whether Plaintiff will have any corroborating evidence, whether Defendants will deny the allegations, and/or whether they will assert any affirmative defenses. Thus, on this incomplete record, the Court is unable to conclude that Plaintiff has a substantial likelihood of success on the merits for purposes of the entry of preliminary injunctive relief.

> *3.     The other injunction factors*

As explained in another prisoner civil rights case in this Circuit involving a request

for preliminary injunction:

> in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

*Brim v. Galloway*, 2011 U.S. Dist. LEXIS 30072 (W.D. Mich. Jan. 20, 2011). This is especially true in matters involving prison security.

Indeed, courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security than are the courts. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). In another case where the plaintiff prisoner claimed that defendants failed to protect him from sexual assaults by other inmates and plaintiff sought an order that defendants place him in protective custody, the court likewise found:

> The preliminary injunctive relief plaintiff seeks in this motion includes court-ordered protective status and other assistance within Rayburn [prison facility]. Since the filing of these motions, [plaintiff] has been transferred to another facility. I find that defendants' interests and the damage they may suffer by entry of either sort of court order would involve this court's unwarranted interference with the administration of prison functions, including the maintenance of security and jailhouse discipline, in a way that would disserve the public interest. Courts must accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration, including especially the "essential goals" of "maintaining institutional security and preserving internal order

9

>    and discipline," in the absence of a constitutional violation. (citations omitted).

*Wetzel*, 2012 U.S. Dist. LEXIS 181516, at *45-46.  Thus, the interests of Defendants and the public do not support the extreme remedy of preliminary injunctive relief.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court **RECOMMENDS** that Plaintiff's motion for a restraining order or other preliminary injunctive relief (Dkt. 4) be **DENIED WITHOUT PREJUDICE**.

### IV.    FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

>                  S/Laurie J. Michelson
>                  Laurie J. Michelson
>                  United States Magistrate Judge

Dated: April 10, 2013

10

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on April 10, 2013.

s/J. Johnson<br>
Case Manager to<br>
Magistrate Judge Laurie J. Michelson